WRIGHT, FINLAY & ZAK, LLP
Branden D. Kartchner, Esq.
Nevada Bar No. 14221
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
bkartchner@wrightlegal.net
*Attorney for Defendant, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5(erroneously name US Bank National Association), Western Progressive-Nevada, Inc., and PHH Mortgage Corporation (incorrectly named as "PHH Mortgage Services")*

# UNITED STATES DISTRIC COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK,<br><br>       Plaintiff,<br><br>v.<br><br>US BANK, NATIONAL ASSOCIATION;<br>WESTERN PROGRESSIVE – NEVADA,<br>INC.; PHH MORTGAGE SERVICES,<br><br>       Defendants. | Case No. 2:23-cv-00493-GMN-BNW<br><br><br>**MOTION TO DISMISS** |

Defendants U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5(erroneously name US Bank National Association) ("U.S. Bank Trustee"), Western Progressive-Nevada, Inc. ("Western Progressive"), and PHH Mortgage Corporation (incorrectly named as "PHH Mortgage Services") ("PHH") (collectively "Defendants") respectfully submits its Motion to Dismiss Plaintiff Alfred Clark's ("Clark") Complaint.

///
///
///
///

1

This Motion is based on the following Memorandum of Points and Authorities, all papers and pleadings on file herein, and on any oral or documentary evidence that may be presented at a hearing on this matter.

DATED this 8th day of May, 2023.

WRIGHT, FINLAY & ZAK, LLP

/s/ Christina V. Miller
Christina V. Miller, Esq.
Nevada Bar No. 12448
Branden D. Kartchner, Esq.
Nevada Bar No. 14221
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendant, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5(erroneously name US Bank National Association), Western Progressive-Nevada, Inc., and PHH Mortgage Corporation*

## I.  INTRODUCTION

This action involves Alfred Clark's ("Clark") fourth lawsuit against various entities arising out of the same common nucleus of facts. In this iteration, Clark is attempting to bring claims that have already been dismissed and rejected multiple times on several grounds, including claim preclusion. In the last go-around, the Ninth Circuit Court of Appeals affirmed a prior dismissal for the last version of his Complaint. Yet, Clark filed this lawsuit anyway, forcing Defendants to defend a lawsuit they have already won multiple times and unnecessarily burdening judicial resources. Just like multiple courts have done previously, this Court should dismiss this Complaint with prejudice.

Clark's repeat lawsuits stem from the initiation of foreclosure under a deed of trust against the real property located at 5613 Harmony Avenue, Las Vegas, Nevada 890107; APN: 138-36-110-054 (the "Property") after Clark defaulted on his mortgage payments. Across the many *pro se*

1   lawsuits, Clark's main contention has been that the 2009 Assignment of the Deed of Trust to U.S.

2   Bank from Appellee New Century Mortgage Company ("New Century"), through Appellee

3   Barclays Capital Real Estate Inc. ("Barclays") via a Limited Power of Attorney, was invalid due

4   to New Century's bankruptcy proceeding filed in 2007.[1] In this version of the Complaint, Clark

5   does not seem to move to enjoin the pending foreclosure proceedings.  Instead, he complains that

6   he has been "harassed and abused" because of the lending entities repeated attempts at foreclosure

7   over the years.[2]

8        A brief recitation of the procedural history reveals Clark pursues claims that are dead and

9   buried: On September 7, 2016, Appellant filed his first complaint, which was voluntarily dismissed

10  on April 18, 2017, because the district court refused to grant Clark *in pro forma* status.[3]

11       Clark filed his second lawsuit on April 17, 2017, against virtually the same parties in the

12  present action, alleging claims for Wrongful Foreclosure, Violations of the FDCPA, and Violations

13  of Public Law §§ 95-109, 807, 808, 812, and 813 ("2017 Action").[4] After these entities moved to

14  dismiss the Complaint, the district court dismissed Clark's Wrongful Foreclosure claim without

15  prejudice as unripe given that a foreclosure sale under the Deed of Trust had not occurred and

16  dismissed the FDCPA claims with prejudice based upon the expiration of the statute of limitations

17  ("2017 Dismissal Order").[5]

18       Undeterred, Clark initiated a third lawsuit on November 21, 2018, asserting the same

19  allegations as in the 2017 Action: that the various lending entities lacked authority to foreclose,

20  their actions violated the FDCPA, and they engaged in a conspiracy to fraudulently deprive Clark

21  of the Property. After the defendants moved to dismiss, the district court dismissed the action,

22  finding that Clark was precluded from relitigating the same claims arising out of the same facts

23

24

25  [1] *See, e.g.,* Complaint at 2:15-3:4; 5:1-18; 6:8-24.
    [2] *Id.*at 5:10-18.

26  [3] *See Alfred Clark v. New Century Mortgage Company*, *et al.*, Case No. 2:16-cv-021103-GMN-
    GWF.

27  [4] *See Alfred Clark v. New Century Mortgage Company*, *et al.*, Case No. 2:17-cv-01065-JAD-VCF.

28  [5] *See* March 16, 2018 Dismissal Order, attached as **Exhibit 1;** *See Alfred Clark v. New Century
    Mortg. Co.*, 2018 WL 1367357 (D. Nev. March 16, 2018).

alleged in the 2017 Action.[6] Clark appealed to the Ninth Circuit Court of Appeals, which ultimately affirmed the dismissal, noting that Clark was barred from alleging violation of the FDCPA on claim preclusion grounds.[7]

Despite this, on April 4, 2023, Clark filed this action, which should likewise be dismissed because Clark's several ostensible FDCPA claims are untimely, barred by the doctrine of claim preclusion, and fail to state a claim upon which relief may be granted. Furthermore, while Clark cites to 12 U.S.C. § 2605 as a claim for relief in the Complaint's caption, which he has done before, he does not specify, much less explain, which subsection(s) Defendant(s) allegedly violated. Nor does he provide any factual basis to support such a claim, rendering it ripe for dismissal. Additionally, Clark's claim for "abuse and harassment" is a nonexistent civil cause of action in Nevada, mandating dismissal.  Accordingly, Clark's entire Complaint should be dismissed, with prejudice, as a matter of law.

## II. FACTUAL BACKGROUND

### A.  The Mortgage Loan.

On June 21, 2006, Alfred Clark purchased the Property known as 5613 Harmony Ave., Las Vegas, NV 89107 (the "Property"). To purchase the Property, Clark obtained a loan in the amount of $204,000.00 ("Note"). The Note was secured by a first position deed of trust which was recorded on June 27, 2006, in the Clark County Recorder's Office, naming Clarion Mortgage Capital, Inc. as the beneficiary ("Deed of Trust").[8] Clarion Mortgage Capital, Inc. assigned the Deed to New Century on January 26, 2007.[9] On or about December 1, 2006, New Century sold the Note to U.S. Bank, National Association as Trustee under Pooling and Servicing Agreement Dated as of

---

[6] *See* September 10, 2019 Dismissal Order, attached as **Exhibit 2;** *Clark v. New Century Mortg. Co.*, No. 2:18-cv-02241-APG-BNW, 2019 U.S. Dist. LEXIS 153787 (D. Nev. Sep. 10, 2019).

[7] *See* January 26, 2021 Ninth Circuit Order of Affirmation, attached as **Exhibit 3;** *Clark v. New Century Mortg. Co.*, 834 F. App'x 380 (9th Cir. 2021).

[8] A true and correct copy of the Deed of Trust, recorded as Book and Instrument Number 20060627-004374 in the Clark County Recorder's Office, is attached to the Defendants' Request for Judicial Notice ("RJN") as Exhibit 4. All other recordings hereafter are recorded in the same manner and method.

[9] A true and correct copy of the Corporation Assignment of Deed of Trust, recorded as Book and Instrument Number 20070208-0002823, is attached to the Defendants' RJN as Exhibit 5.

December 1, 2006 MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates Series 2006-HE5.[10] The formal assignment of the beneficiary interest was executed on or about January 9, 2009 and recorded against title to the Property.[11]

### B.  The New Century Bankruptcy.

Before the formal assignment was recorded, New Century filed for bankruptcy.[12] However, New Century executed a Limited Power of Attorney granting Barclays Capital Real Estate, Inc. dba HomEq Servicing the power to execute assignments. On January 30, 2008, Barclays filed a Motion for Relief from Stay to Allow Use of the Limited Power of Attorney.[13] That Motion was granted on February 19, 2008, allowing Barclays to execute and record the assignment to U.S. Bank.[14] On January 9, 2009, Barclays, on behalf of New Century, executed the aforementioned Corporation Assignment of Deed of Trust to U.S. Bank Trustee, which was recorded on March 13, 2009 (hereinafter, "Assignment").[15] U.S. Bank Trustee remains the current beneficiary under the Deed of Trust.

///

///

///

///

///

---

[10] A true and correct copy of the Pooling and Servicing Agreement and an excerpt of the Mortgage Loan Schedule thereto are attached to the Defendants' RJN as Exhibit 6.

[11] A true and correct copy of the Corporation Assignment of Deed of Trust, recorded as Book and Instrument Number 20090313-0004015, is attached to the Defendants' RJN as Exhibit 7.

[12] A true and correct copy of New Century TRS Holdings, Inc.'s Petition in *In re: New Century TRS Holdings, Inc., a Delaware corporation*, U.S. Bankruptcy Court, District of Delaware, Petition No. 07-10416-BLS, ECF No. 1, is attached to the Defendants' RJN as Exhibit 8.

[13] A true and correct copy of Motion for Relief from Stay by HomEq Servicing to Allow Use of Limited Powers of Attorney in *In re: New Century TRS Holdings, Inc., a Delaware corporation*, U.S. Bankruptcy Court, District of Delaware, Petition No. 07-10416-BLS, ECF No. 4746, is attached to the Defendants' RJN as Exhibit 9.

[14] A true and correct copy of Order Allowing Barclays Capital Real Estate, Inc. dba HomEq Servicing to Use Limited Powers of Attorney in *In re: New Century TRS Holdings, Inc., a Delaware corporation,* U.S. Bankruptcy Court, District of Delaware, Petition No. 07-10416-BLS, ECF No. 4936, is attached to the Defendants' RJN as Exhibit 10.

[15] *See* Exhibit 7 of Defendants' RJN.

///

### C. Clark's Default on the Loan and Lawsuits.

On or about March 21, 2016, Clark received a Notice of Default and Election to Sell Real Property Under Deed of Trust ("NOD").[16] The NOD stated that Clark was due for payment on the Note since June 1, 2014.

On September 7, 2016, Clark filed a Complaint for Wrongful Foreclosure. ("2016 Lawsuit").[17] In summary, Clark claimed that the named Defendants violated the Fair Debt Collection Practices Act ("FDCPA") because, according to him, the Assignment to U.S. Bank was not valid; therefore, the Defendants were not entitled to foreclose upon the Property. This Complaint, however, Defendant voluntarily dismissed his wrongful foreclosure suit and seemingly dropped those claims against Defendant.[18]

Clark filed his second lawsuit on April 17, 2017, against U.S. Bank, Western Progressive and Ocwen Loan Servicing ("Ocwen"). PHH, a current defendant, is the successor by merger to Ocwen. Clark brought claims for Wrongful Foreclosure, 12 U.S.C. § 2605,Violations of the FDCPA, and Violations of Public Law §§ 95-109, 807, 808, 812, and 813 ("2017 Action").[19] The defendants moved to dismiss the Complaint, and on March 16, 2018, the Honorable Judge Dorsey dismissed Clark's Wrongful Foreclosure claim, without prejudice, as unripe given that a foreclosure sale under the Deed of Trust had not occurred and dismissed the FDCPA claims, with prejudice, based upon the expiration of the statute of limitations.[20]

---

[16] A true and correct copy of Notice of Default and Election to Sell Real Property Under Deed of Trust, recorded as Book and instrument Number 20160321-0002322, is attached to Defendants' RJN as Exhibit 11.
[17] *See Alfred Clark v. New Century Mortgage Company et al.,* U.S. District Court, District of Nevada, Case No. 2:16-cv-02113-GMN-GWF ("2016 Lawsuit"), ECF 1-1.
[18] *See Alfred Clark v. New Century Mortgage Company*, *et al.*, Case No. 2:16-cv-02113-GMN-GWF.
[19] *See Alfred Clark v. New Century Mortgage Company*, *et al.*, Case No. 2:17-cv-01065-JAD-VCF.
[20] *See* **Exhibit 1;** *See Alfred Clark v. New Century Mortg. Co.*, 2018 WL 1367357 (D. Nev. March 16, 2018).

Undeterred, Clark filed a third lawsuit[21] on November 21, 2018, asserting the same allegations as in the 2017 Action: that the various lending entities lacked authority to foreclose, their actions violated the FDCPA, and they engaged in a conspiracy to fraudulently deprive Clark of the Property. The lending entities moved to dismiss, and the district court dismissed the action, finding that Clark was precluded from relitigating the same claims arising out of the same facts alleged in the 2017 action.[22]

Clark appealed to the Ninth Circuit Court of Appeals, which ultimately affirmed the dismissal, noting that Clark was barred from bringing the FDCPA on claim preclusion grounds.[23] The Ninth Circuit declared "[t]he district court properly dismissed Clark's FDCPA claim based on res judicata because Clark's claim arises out of the same nucleus of operative fact as his FDCPA claims in his prior federal action against appellees that resulted in a final judgment on the merits."[24] The court also noted that Clark's state law claims "may not have been barred by res judicata, dismissal of those claims was proper because Clark failed to allege facts sufficient to state any plausible claims." [25]

On April 4, 2023, Clark filed this Complaint, alleging violations of the FDCPA, including Violations of Sections §§ 807 1692(e), 808 1692(f), and 812 1692(j), and 12 USC § 2605; Clark also brought state law claims for "harassment and abuse."[26] Nevertheless, all Clark's claims fail as a matter of law and should be dismissed.

### III.    LEGAL STANDARD

#### A.  Requirement of a Short and Plain Statement.

Pursuant to Fed. R. Civ. P. Rule 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Clark's

---

[21] In this version, Clark named New Century Mortgage Company, US Bank, National Association, Barclays Capital Real Estate Inc., Western Progressive-Nevada, Inc., Ocwen Loan Servicing, LLC.

[22] *See* **Exhibit 2;** *Clark v. New Century Mortg. Co.*, No. 2:18-cv-02241-APG-BNW, 2019 U.S. Dist. LEXIS 153787 (D. Nev. Sep. 10, 2019).

[23] *See* **Exhibit 3;** *Clark v. New Century Mortg. Co.*, 834 F. App'x 380 (9th Cir. 2021).

[24] *Id.*

[25] *Id.*

[26] *See* Complaint at ECF 1.

7

Complaint and the incorporated exhibits are anything but short or plain. Many of the same allegations are repeated multiple times, but with no specification as to which actions are attributable to which Defendant(s), and thus no specification as to which Defendant(s) allegedly caused his alleged damages. Clark instead opts to make conclusory statements about the validity of recorded documents, and on these conclusions asserts claims against Defendants altogether. Thus, this Court would be warranted in dismissing the entire Complaint on basis of Clark's failure to adhere to the rules of proper pleading.

**B.  Motion to Dismiss.**

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), "failure to state a claim upon which relief can be granted" is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that Plaintiff cannot provide a set of facts in support of his claim which would entitle him to relief, such that this Motion to Dismiss should be granted. *Puckett v. Park Place Entertainment Corp.,* 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).  In deciding, the allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party. *Id*. Although the Court should typically take the allegations as alleged in the Complaint as true, "Courts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Puckett*, 332 F. Supp. 2d at 1352 (*quoting Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Specifically, "conclusory allegations of law and unwanted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting In re VeriFone Securities Litigation,* 11 F.3d 865, 868 (9th Cir. 1993)). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).

Moreover, even though "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion … material which is properly submitted as part of the Complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Likewise, "documents

whose contents are alleged in a Complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Furthermore, under Federal Rules of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Accordingly, this Court may consider the recorded documents referred to in the Complaint and referred to herein without the Motion to Dismiss being converted into a motion for summary judgment.

## IV. LEGAL ARGUMENT

### A. The Complaint fails to state a cognizable claim for relief under the Fair Debt Collection Practices Act.

Once again, Clark attempts to allege various causes of action under 15 U.S.C. § 1692- "Fair Debt Collection Practices Act "("FDCPA"), none of which can be properly maintained against the Defendants. These claims are barred by the doctrine of claim preclusion and are untimely. Moreover, they fail to state any claim upon which relief can be granted. As such, they should be dismissed with prejudice.

#### 1. *Clark's Complaint should be dismissed under the doctrine of claim preclusion.*

This Court should summarily dismiss all of Clark's FDCPA claims, including violations of 807 1692(e), 808 1692(f), and 812 1692(j), because they are all barred by claim preclusion. A federal district court already found that such FDCA claims are untimely, and the Ninth Circuit Court of Appeals affirmed this decision.

The doctrine of claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claims preclusion applies where there is "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

However, the identity of claims element of claim preclusion depends on: 1) "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; 2) "whether substantially the same evidence is presented in the two actions";

3) "whether the two suits involve infringement of the same right"; and 4) "whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (emphasis added). Whether the two suits arise out of the same transactional nucleus of facts is the most important criteria. *Id*

Furthermore, 15 U.S.C. § 1692k(d) mandates that FDCPA actions be brought "within one year from the date on which the violation occurs." Under this mandate, Judge Dorsey dismissed Clark's claims in the 2017 action with prejudice stating that even under the most "generous calculation" Clark's action was untimely.[27]

Here, Clark's attempt to refile the very claims that were already dismissed is barred by the doctrine of claim preclusion. Multiple federal courts have already dismissed these claims, and Clark is not permitted to file them in perpetuity. In this (fourth) Complaint, Clark seems to allege that his basis for recovery under the statute is that some entity engaged in a pattern of harassment by attempting to foreclose on the Property for nearly a decade.[28] To support this claim, he cites to several documents he alleges that were recorded starting in 2009, including the January 9, 2009, assignment.[29] The obvious problem with this is that the Court already considered this general argument back in 2017 and 2018 and dismissed the FDCPA claims as untimely.[30]

Just like the 2017 action that was already dismissed, Plaintiff's references sections 807, 808 and 812 of the FDCPA in this Complaint as well as 12 U.S.C. § 2605. Indeed, Clark is merely repeating the same claims that were already dismissed on their merits. And there is no real debate that the various lawsuits involve the same parties time and time again. Just as the court did in 2017 and 2018, so should this Court summarily dismiss the FDCPA claims.

And although Clark also hastily referenced a few documents that were filed after his original suit was dismissed, this is irrelevant and insignificant. For example, Clark referred to a Notice of Default and Election to Sell he claims was recorded on November 21, 2021.[31] Setting

---

[27] *See* **Exhibit 2**.
[28] *See Compl* 5:1-29.
[29] *Id.*
[30] *Id.*
[31] *Id.*

aside the fact that Clark fails to state any cognizable claim for relief, the filing of this Notice occurred more than one year before Clark filed his Complaint in the instant matter, making it untimely under any calculation.

Clark also references the fact that Western Progressive filed a Certificate of Foreclosure Mediation on March 31, 2023, in which the mediator certified that the beneficiary is authorized to proceed to foreclosure, this is irrelevant.[32]  Although this recording occurred within the last year, filing a certificate after participating in Nevada's Foreclosure Mediation Program, and permitted by the Foreclosure Mediation Rules and NRS 107.080 et seq. to proceed with non-judicial foreclosure under the Deed of Trust, does not create an actionable claim for relief against Defendants, especially where no impropriety is properly alleged.

Consequently, Clark's claims should be dismissed on claim preclusion and statute of limitations grounds.  And, even if these claims had not already been dismissed and barred by claim preclusion, they are clearly untimely as a matter of law anyway. As a result, this Court should dismiss Clark's claims in their entirety.

**2. The FDCPA Claims Should Be Dismissed With Prejudice Because The Claims Do Not Contain Specific Allegations to Which Defendants May Respond, nor state any claim for relief.**

Clark cites multiple subsections of the FDCPA in the caption of his Complaint but does not allege specifically how each Defendant purportedly violated the subsection. Clark's claims must be dismissed, then, because claims for relief must contain more than "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Here, Clark vaguely references the 2009 assignment and seems to claim that at least one Defendant was in violation of several subsections of FDCPA.[33] But Clark fails to allege any facts in connection with the allegation or specify which Defendant committed an alleged violation. Thus, setting aside the fact that Clark's reference to the 2009 assignment as the basis for the

---

[32] *Id.*
[33] *Id.* at 5:10-18.

FDCPA claims signifies that such claims are untimely as a matter of law, Clark fails to state a claim upon which relief can be granted as to each defendant.

Although Clark does not specify in his Complaint, which is fatal, he may be attempting to allege abuse and harassment under U.S.C. § 1692d, which nonetheless fails as a matter of law. U.S.C. § 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) [604(a)(3)] of this Act [15 USCS § 1681a(f) or 1681b(a)(3)].
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

Clark fails to articulate any basis to support a claim under this subsection. Indeed, Clark has not alleged that Defendants used or threatened violence, used obscene language, identified him as one who does not pay debts in a publication, repeatedly or continuously called him with the intent to harass. In fact, Clark has not even identified this subsection as a basis of recovery in his Complaint, let alone provide any factual allegations to support the claim. While he might not be happy about the property being subject to a lawful nonjudicial foreclosure, this cannot, as a matter of common sense and law, constitute a claim for harassment and abuse. And although Clark claims that he has been harassed and abused because of "numerous foreclosure actions," he fails to

mention that he has been litigating the foreclosure for years with the Court continuously ruling in Defendant's favor. Clark states no claim for relief.

Although Clark references 15 U.S.C. § 1692e, "False and Misleading Representations," he states no facts supporting a claim. Clark does not allege how each respective Defendant purportedly violated this subsection. Without specific allegations beyond repeating that he takes issue with the 2009 assignment, Defendants cannot answer this allegation. Therefore, this claim and any allegations pertaining to it should be dismissed for failing to meet pleading standards.

Although Clark references 15 U.S.C. § 1692f 6(a), "Unfair Practices", he states no claim for relief.[34]  This specific allegation includes "[1] Taking or threatening to take [2] non-judicial action [3] to effect dispossession…of property if [4] there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). While Clark may assert the first three requirements were fulfilled by the posting of the Notice of Default, the last element remains unfulfilled as a matter of public record: Clark's loan was secured by a Deed of Trust, of which U.S. Bank Trustee is the current beneficiary and contractually authorized to pursue the power of sale therein upon Clark's default in his repayment obligations. This Court can take judicial notice of the Assignment to U.S. Bank Trustee, because it is a matter of public record. Because the Assignment is valid and Clark lacks standing to challenge the Assignment, he cannot make any assertions of fact that would fulfill the last element of this claim, and, thus, this claim should be dismissed.

15 U.S.C. § 1692j, "Furnishing Certain Deceptive Forms" includes the following elements: "[1] design, [and] 2] compile, *and* [3] furnish [4] any form [5] knowing [6] that such form would be used to create the *false* belief [7] in a consumer [8] that a person *other than the creditor* of such consumer [9] is participating [10] in the collection of or in an attempt to collect [11] a debt such consumer allegedly owes such creditor, [12] when in fact such person *is not so participating*." Emphasis added. Although this section is referenced in Clark's Complaint, he states no claim for relief associated therewith, let alone articulate how each defendant met these elements. Absent specific allegations or references to actions, Defendants are unable to answer this claim. Therefore,

---

[34] *Id*. at 5:16-18.

this claim and any allegations pertaining to it should be dismissed for failing to meet pleading standards.

Thus, although Clark lists some specific subsections of the FDCPA, his complaint asks this Court and Defendants to do guesswork as to the specific violations thereof, and to make specific allegations for him. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Without this further factual enhancement, this Court should find that Clark's FDCPA allegations fail to meet the pleading standards of F.R.C.P. 8(a) and therefore these claims should be dismissed.

**B. Clark's 12 U.S.C. § 2605 Should be Dismissed with Prejudice Because it Fails to State a Claim upon Which Relief May be Granted.**

In his Complaint, Clark alleges 12 U.S.C. § 2605 as a claim for relief in the heading, but does not specify, much less explain, which subsection(s) Defendant(s) allegedly violated. Nor does Clark provide any factual basis to support such a claim. Therefore, Clark's claims regarding this statute and all allegations pertaining thereto should be dismissed for failure to meet pleading standards.

To the extent that Clark seeks to allege violations under § 2605(e), his claims fail because Clark failed to meet his requirements under that subsection that the borrower provide a "Qualified written request" in order to compel a loan servicer to respond. Subsection (e)(1)(A) explains that such requests relate to loan servicing, specifically. Moreover, as explained by the Ninth Circuit Court of Appeals, this requirement

> ensures that the statutory duty to respond does not arise with respect to all inquiries or complaints from borrowers to servicers… The statute thus distinguishes between letters that relate to borrowers' disputes regarding servicing, on the one hand, and those regarding the borrower's contractual relationship with the lender, on the other.

*Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012), cert. denied, 133 S. Ct. 2800, 186 L. Ed. 2d 861 (2013).

Here, Clark fails to provide any allegations relating to 12 U.S.C. § 2605. One is left to wonder whether Clark simply failed to remove this reference from one of his older Complaints.

Suffice it to say, he has failed to state any claim upon which relief can be granted, for he failed to do any analysis of the statute at all.  Accordingly, any such claim, to the extent it even exists, must be dismissed.

### C.  Under Nevada law, there is no civil action for "harassment" which means that must be dismissed for failure to state a claim.

Plaintiff has failed to state a claim for harassment.  This is because "harassment" is not a private cause of action in Nevada.

Although Nevada recognizes a criminal cause of action for harassment, no such civil action exists. *Randazza v. Cox*, No. 2:12-cv-2040-JAD-PAL, 2014 U.S. Dist. LEXIS 69748 (D. Nev. May 21, 2014). Courts have routinely dismissed cause of actions for "harassment," given that it does not exist. *See, e.g.*, *Abrams v. Schneider*, 2017 Nev. Dist. LEXIS 867 (Eighth Judicial District Court Order July 24, 2017) ("Harassment is not a cause of action in Nevada.  [The Plaintiff] cannot prevail on a non-existent action.").

For example, in *Sandy v. Bank of America Corporation*, a borrower who was in default attempted to sue entities affiliated with his lender for harassment relating to the lender's attempt to exercise nonjudicial foreclosure. No. 2:14-CV-1100 JCM (CWH), 2014 U.S. Dist. LEXIS 174792 (D. Nev. Dec. 16, 2014). The borrower claimed that the "defendants physically intimidated him by hiring individuals to perform property inspections, take pictures of his home, and place envelopes at his door." *Id.* at *14. The Court concluded that Plaintiffs failed to state a claim, noting that the borrower had failed to cite to any legal authority that established a claim for harassment. *Id.* at *14-15.

Here, because no private right of action for harassment exists in Nevada, Plaintiff has failed to state a claim for a relief, and this cause of action should be summarily dismissed.

### D. Granting Leave to Amend the Complaint would be Futile.

F.R.C.P. 15(a) provides that leave to amend a complaint shall be "freely given when justice so requires." However, leave to amend should not be granted if the proposed amendment would be futile. A proposed amendment may be deemed futile if the amendment would not withstand a motion to dismiss. *Harger v. Talley*, Case No. CV-S-05-0106-PMP (RJJ), 2005 U.S. Dist. LEXIS

14509 *6 (D. Nev. June 15, 2005), *citing to Wages v. IRS*, 915 F.2d 1230 at 1235 (9th Cir. 1990). Here, none of Clark's claims, if amended, would withstand another motion to dismiss for the reasons stated above; the claims are precluded because the common law and statute provide for no cause of action under the facts alleged or the limitations periods bar the claims. Thus, this Court should not grant Clark leave to amend the Complaint. Further, as demonstrated by Clark's prior attempts to challenge Defendants' authority in relation to the Note and Deed of Trust, any leave to amend would likely result in multiple attempts to revisit the same meritless claims dressed in different packaging, leading to needless multiplication of litigation.

## IV.     CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint in its entirety, with prejudice, and without leave to amend.

DATED this 8th day of May, 2023.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*

Christina V. Miller, Esq.
Nevada Bar No. 12448
Branden D. Kartchner, Esq.
Nevada Bar No. 14221
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendant, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5(erroneously name US Bank National Association), Western Progressive-Nevada, Inc., and PHH Mortgage Corporation (erroneously named as "PHH Mortgage Services")*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2023, and pursuant to Fed. R. Civ. P. 5(b), I served via the CM/ECF electronic filing system a true and correct copy of the foregoing **MOTION TO DISMISS** to all parties registered to receive CM/ECF notification.


*/s/ Tonya Sessions*
An employee of Wright Finlay & Zak LLP


## EXHIBIT LOG

| Exhibit 1 | March 16, 2018 Dismissal Order |
|-----------|-------------------------------|
| Exhibit 2 | September 10, 2019 Dismissal Order |
| Exhibit 3 | January 26, 2021 Ninth Circuit Order of Affirmation |