**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ALFRED CLARK, | Case No. 2:23-cv-00493-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

Pro se Plaintiff Alred Clark filed a Motion to Notice the Court of Additional Defendants. *See* ECF No. 38. Because Plaintiff must add Defendants through a Motion to Amend, the Court directs the Clerk of Court to strike ECF No. 38. Plaintiff is directed to withdraw his pending Motion to Amend Complaint (ECF No. 35) and file a new Motion to Amend Complaint, with the additional Defendants included, by September 26, 2023. Plaintiff's new Motion to Amend Complaint must attach the proposed amended complaint within the same document.

**I.     Amending the Complaint**

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint

must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

/ / /

/ / /

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the Clerk of Court STRIKE Plaintiff's Motion to Notice the Court of Additional Defendants (ECF No. 38).

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint to add Defendants, he is directed to withdraw his pending Motion to Amend Complaint (ECF No. 35) and must file a new Motion to Amend Complaint by September 26, 2023. Plaintiff's new Motion to Amend Complaint must attach the proposed amended complaint within the same document.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a new Motion to Amend the Complaint by September 26, 2023, the Court will decide on ECF No. 35 in due course.

**IT IS FURTHER ORDERED** that Defendants' Responses—to either ECF No. 35 or Plaintiff's new Motion to Amend Complaint—will be due October 10, 2023.

DATED: September 19, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE