UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALRED CLARK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00493-GMN-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint. ECF No. 45. Defendants opposed (ECF No. 47), and Plaintiff replied. ECF No. 48. Because the Court finds that Defendants have not met their burden to show that Plaintiff's wrongful foreclosure and Fair Debt Collection Practices Act ("FDCPA") claims are barred by *res judicata* or that amendment would be futile, the Court grants Plaintiff's motion. But because these claims (as they presently stand) are insufficiently pleaded, the Court recommends dismissal of Plaintiff's wrongful foreclosure and FDCPA claims without prejudice and with leave to amend. As to Plaintiff's other causes of action—which include a harassment and abuse claim, miscellaneous criminal claims, and a section 1983 claim—the Court recommends dismissal with prejudice as amendment would be futile.

**I.　BACKGROUND**

Plaintiff's claims center around the foreclosure of a home he purchased in 2006. *See generally* ECF No. 1. Plaintiff's home loan was secured by a deed that was assigned numerous times: first to Clarion Mortgage Capital, then to New Century, then to U.S. Bank National Association ("U.S. Bank"). ECF No. 47 at 3. Before New Century assigned the deed to U.S. Bank, it declared bankruptcy. *Id.* Plaintiff disputes the validity of this final assignment due to New Century's bankruptcy, but Defendants allege that New Century executed a limited power of

attorney that gave Barclays Capital Real Estate ("Barclays") the power to execute assignments. *Compare* ECF No. 1 *with* ECF No. 47 at 4.

After Plaintiff received a notice of default from Defendants in 2016, he initiated a series of lawsuits: one in 2016, one in 2017, and one in 2018. In each lawsuit, Plaintiff alleged wrongful foreclosure and numerous FDCPA violations. ECF No. 47 at 5. Plaintiff, however, voluntarily dismissed his 2016 case. *See Clark v. New Century Mortg. Co.*, 2:16-cv-02113-GMN-GWF. Then, his 2017 case was dismissed because his wrongful foreclosure claim was unripe (as the foreclosure had not yet occurred) and the statute of limitations had run on his FDCPA claims. *See Clark v. New Century Mortg. Co.*, 2:17-cv-01065-JAD-VCF. Later, his 2018 case was also dismissed because his claims were barred by *res judicata*. *See Clark v. New Century Mortg. Co.*, 2:18-cv-02241-APG-BNW.

Plaintiff's home foreclosed on March 30, 2023. ECF No. 45-1 at 5. He then filed the underlying action on April 4, 2023, alleging wrongful foreclosure, FDCPA violations, and harassment and abuse. *See generally* ECF No. 1. He now seeks to amend his complaint to add U.S. Bank Trust National Association as a defendant because he recently learned that U.S. Bank and U.S. Bank Trust National Association "appear to be one in the same." ECF No. 45 at 3.[1]

Defendants oppose the proposed amendment based on futility, in part by arguing that Plaintiff's claims are barred by *res judicata*. *See* ECF No. 47.

**II.   ANALYSIS**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(A)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

---

[1] Though Plaintiff's motion states that he solely seeks to add a defendant, the Court notes that the attached proposed first amended complaint differs significantly from his initial complaint and adds new causes of action. Nevertheless, for the sake of efficiency, the Court addresses the viability of each claim it construes from Plaintiff's proposed first amended complaint.

Cir. 2003). Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### A. Wrongful Foreclosure

Plaintiff alleges that Defendants wrongfully foreclosed on his home because New Century—due to its bankruptcy—did not have authority to assign the deed on Plaintiff's home loan to U.S. Bank. *See generally* ECF Nos. 1, 45-1. In turn, Plaintiff contends that the unauthorized assignment created a chain-of-title issue, precluding Defendants from foreclosing on his home. *See generally* ECF Nos. 1, 45-1.

Defendants take issue with the legal validity underlying Plaintiff's claims and also respond that (1) Plaintiff's claim is barred by *res judicata* because it is the same claim that was dismissed in his 2017 lawsuit and that was later barred in his 2018 lawsuit; and (2) regardless of whether Plaintiff's claim is barred, amendment would be futile because he cannot allege that he was not in default at the time that his home foreclosed. ECF No. 47 at 10–11.

The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Defendants do not engage in a discussion regarding the elements, nor do they explain how Plaintiff's wrongful foreclosure claim is barred by *res judicata* other than summarily stating, without citing to authority, that the foreclosure of Plaintiff's home does not "resurrect" his claim. ECF No. 47 at 9. But this argument ignores the fact that his 2017 claim—and by extension, his 2018 claim—was dismissed *without prejudice* as unripe because the foreclosure had not happened yet. *See Clark v. New Century Mortg. Co.*, 2:17-cv-01065-JAD-VCF. It might be the case that Plaintiff's wrongful foreclosure claim *is*, in fact, barred by the doctrine of claim preclusion. But at this juncture, Defendants have not met their burden of establishing that Plaintiff's wrongful foreclosure claim is barred.

The Court next turns to the sufficiency of Plaintiff's allegations. The elements for a wrongful foreclosure claim are: (1) that a foreclosure sale occurred, and (2) that the debtor was not in default. *Bank of New York Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019). As Defendants point out, Plaintiff has not alleged in his complaint nor his proposed first amended complaint that he was not in Default at the time that Defendants foreclosed on his home. Although this is an essential element of a wrongful foreclosure claim, Plaintiff's failure to allege the second element does not mean that amendment would be *futile*, or that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff could, hypothetically, allege facts to support the proposition that he was not in default.[2] At this stage in the proceedings, the Court does not evaluate the *veracity* of the allegations, but rather determines whether the allegations, *accepted as true*, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

---

[2] The Court reminds Plaintiff that should he choose to amend his complaint to include facts supporting an allegation that he was not in default, such factual contentions must have evidentiary support. *See* FED. R. CIV. P. 11(b).

Because Plaintiff's complaint and proposed first amended complaint do not sufficiently allege that he was not in default at the time of foreclosure, the Court recommends that Plaintiff's wrongful foreclosure cause of action be dismissed without prejudice and that he be allowed leave to amend for an opportunity to cure the claim's deficiencies.

### B.  FDCPA Claims

Plaintiff alleges various violations under the FDCPA including false and misleading representations under 15 U.S.C. § 1692e, civil liability under 15 U.S.C. § 1692k, and furnishing certain deceptive forms under 15 U.S.C. § 1692j. ECF No. 45-1. According to Plaintiff, Defendants violated these particular provisions of the FDCPA when they "conspir[ed] to defraud Plaintiff of his private property." *Id.* at 3.

Defendants respond that Plaintiff fails to sufficiently allege which Defendants violated which particular provisions, how they violated them, or what factual contentions support each alleged violation. ECF No. 47 at 8. Defendants claim that regardless of the insufficiency of Plaintiff's allegations, his FDCPA claims are barred by *res judicata*. *Id.* at 9.

As noted above, Defendants do not contend with the elements of claim preclusion nor explain how each element is met. Importantly, the 2017 FDCPA claims were dismissed because the Court found that the one-year statute of limitations had run. But here, it is not clear what dates correspond to the alleged FDCPA violations. Given that the foreclosure of Plaintiff's home did not occur until March 2023, it is possible that the FDCPA violations alleged in Plaintiff's present complaints are not time barred and are not barred by *res judicata*. Thus, Defendants failed to meet their burden of establishing that Plaintiff's FDCPA claims are barred.

And although the Court agrees that Plaintiff's FDCPA claims are not sufficiently pleaded, Defendants have likewise failed to establish that amendment of such claims would be futile. The Court therefore recommends that Plaintiff's FDCPA claims be dismissed without prejudice and that Plaintiff be allowed leave to amend for an opportunity to cure the claims' deficiencies regarding specific factual contentions and their corresponding dates.

### C. Harassment and Abuse

Plaintiff alleges that Defendants committed "harassment and abuse" when they sent him allegedly threatening correspondences related to the foreclosure of his home. ECF No. 45-1. Plaintiff does not state whether he alleges his claim pursuant to a statute, or under a common-law theory. *See id.* Nevertheless, as Defendants correctly point out, Nevada law only recognizes a *crime* of harassment, not a civil action for harassment. *Randazza v. Cox*, No. 2:12-CV-2040-JAD, 2014 WL 2123228, at *4 (D. Nev. May 21, 2014). Plaintiff does not have a private right of action for violation of criminal statutes. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). The Court therefore recommends that Plaintiff's "harassment and abuse" cause of action be dismissed with prejudice as amendment would be futile.

### D. Miscellaneous Criminal Claims

In his proposed first amended complaint, Plaintiff alleges violations of various criminal statutes. *See* ECF No.45-1. Although it is not entirely clear which factual contentions Plaintiff attributes to each alleged violation, because each of the following statutes are mentioned, the Court will liberally construe his complaints as alleging claims under each. As detailed below, because each of the statutes mentioned are purely criminal in nature, Plaintiff cannot pursue a private right of action under them. *Allen*, 464 F.3d at 1048.

*15 U.S.C. § 645(a)*. This statute deals with making a false statement or overvaluing a security to obtain a loan for a person's small business. Section 645 is titled "Offenses and Penalties" and the last sentence of subsection (a) states that this offense is punishable by "a fine of not more than $5,000 or by imprisonment for not more than two years, or both." Such language indicates that this is a criminal statute, and that Plaintiff cannot pursue relief under it.

*18 U.S.C. § 241*. Section 241 is titled "Conspiracy Against Rights" and refers to persons who conspire to intimidate anyone in the exercise of their rights. Violations of this statute can result in a fine, imprisonment not more than ten years, or both. Plaintiff cannot pursue a cause of action under this statute because it is purely criminal in nature.

*18 U.S.C. § 242*. Section 242 is titled "Deprivation of Rights Under Color of Law" and applies to persons who deprive others of a right based on their race, ethnicity, or alienage.

Violations of this section are punishable by a fine, imprisonment of not more than one year, or both. Because this too is a criminal statute, Plaintiff cannot pursue a cause of action under it.

*18 U.S.C. § 1001*. Section 1001 is titled "Statements or Entries Generally" and deals with persons who commit fraud in matters before the judiciary, legislative, and executive branches. Punishment for this offense involves a fine, imprisonment of not more than five years, or both. Plaintiff cannot pursue a claim under this criminal statute.

*18 U.S.C. § 1002*. Section 1002 is titled "Possession of False Papers to Defraud United States" and applies to persons who knowingly intend to defraud the United States to enable another person to obtain money. Given that this offense is punishable by a fine, imprisonment of not more than five years, or both, it is a criminal statute that Plaintiff cannot seek relief under.

*18 U.S.C. § 1341*. Section 1341 is titled "Frauds and Swindles" and refers to using the post office for fraud. Violations of the statute are similarly punishable by a fine, imprisonment of not more than twenty years, or both, so it is a criminal statute under which Plaintiff cannot pursue a claim.

*18 U.S.C. § 1342*. Section 1342 is titled "Fictitious Name or Address" and applies to persons who use aliases through the mail. A person in violation of this section can be fined, imprisoned for not more than five years, or both—indicating that it too is a criminal statute.

*18 U.S.C. § 1349*. Section 1349 is titled "Attempt and Conspiracy" and states that anyone who attempts or conspires to commit an offense under Title 18 will be subject to the same (criminal) penalties as the underlying offense.

*NRS 205.395*. This statute falls under Chapter 205 of the Nevada Revised Statutes, which is titled "Crimes Against Property" and refers specifically to "false representation concerning title." Violations of this statute, depending on which subsection they fall under, constitute Class B or C felonies. Plaintiff therefore cannot pursue relief under this criminal statute.

*Theft*. Finally, Plaintiff also pursues a claim for theft. He does not articulate whether he is moving under a statute, or pursuant to common law. Regardless, the Court has not identified a civil law cause of action for theft, as theft is a criminal charge. *See, e.g.*, NEV. REV. STAT. 205.0821–0835

In light of the above, recommends that Plaintiff's miscellaneous criminal claims be dismissed with prejudice as amendment would be futile.

### E.  42 U.S.C. § 1983

Though Plaintiff does not clearly articulate a factual basis for his section 1983 claim, his proposed first amended complaint references the statute, so the Court will liberally construe Plaintiff's complaints and analyze the sufficiency of the claim. Title 42 U.S.C. § 1983 provides a remedy for persons who are deprived of Constitutional rights by state actors. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Here, all Defendants—U.S. Bank, Western Progressive Nevada, PHH Mortgage Services, and U.S. Bank Trust—are private entities. To maintain this claim, Plaintiff's allegations must include some theory of collusion between the private parties and the state actors. *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). He does not do that here. The Court therefore will dismiss Plaintiff's 1983 claim with leave to amend in the event that he claims such collusion exists.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 45) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's wrongful foreclosure cause of action be dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's FDCPA claims be dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claim pursuant to 42 U.S.C. § 1983 be dismissed with leave to amend.

**IT IS FURTEHR ORDERED** that should Plaintiff choose to file an amended complaint, he must do so by April 5, 2024. The Court directs Plaintiff that his amended complaint must be complete in and of itself, without reference to prior pleadings. His complaint must also list each individual cause of action, accompanied by the claim's supporting factual contentions. The Court will not continue to piece Plaintiff's claims together for him. Plaintiff is instructed to carefully review this Order before seeking amendment.

**IT IS RECOMMENDED** that Plaintiff's claim for harassment and abuse be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's criminal claims, as detailed in Section II.D of this order, be dismissed with prejudice.

DATED this 5th day of March 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE