UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK,<br><br>                    Plaintiff,<br>    vs.<br><br>US BANK NATIONAL ASSOCIATION, *et al.*,<br><br>                    Defendants. | Case No.: 2:23-cv-00493-GMN-BNW<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 56), filed by Defendants US Bank National Association, Western Progressive Nevada, Inc., and PHH Mortgage Services. Plaintiff Alfred Clark filed a Response, (ECF No. 60), to which Defendants filed a Reply, (ECF No. 61). After Defendants filed their Reply, Plaintiff filed an Objection to the Reply, (ECF No. 65).[1]

Also pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 76).

For the following reasons, the Court **GRANTS** the Motion to Dismiss, **STRIKES** Plaintiff's Objection to the Reply, and **DENIES as moot** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

///

///

---

[1] Plaintiff's Objection constitutes an improper sur-reply.  The Federal Rules of Civil Procedure do not expressly permit the filing of a sur-reply, and this District's Local Rules do not permit sur-replies without leave of court.  Instead, Local Rule 7-2(b) only allows for a motion, a response, and a reply. LR 7-2(b).  Because sur-replies are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a sur-reply to be filed." *Stevens v. Prentice*, No. 2:17-cv-979, 2018 WL 3758577, at *1 (D. Nev. Aug. 8, 2018).  Plaintiff did not request leave from the Court to file the sur-reply, and thus the Court orders it to be STRICKEN from the record.

**I.      BACKGROUND**

In 2006, Plaintiff purchased the property at which he currently resides, 5613 Harmony Ave., Las Vegas, NV 89107 (the "Property"). (Deed of Trust, Ex. D to SAC, ECF No. 54).[2] He received a $204,000 loan from Clarion Mortgage Capital. (*Id.*).  Clarion Mortgage Capital assigned the Deed to New Century. (Clarion Assignment of Deed of Trust, Ex. 5 to Request for Jud. Notice, ECF No. 57-2).  New Century declared bankruptcy, and the Bankruptcy Court granted New Century's motion to allow Barclays Capital Real Estate to exercise its Limited Powers of Attorney to execute and file assignments and mortgages. (Bankruptcy Court Motion, Ex. 9 to Request for Jud. Notice, ECF No. 57-6); (Bankruptcy Court Order, Ex. 10 to Request for Jud. Notice, ECF No. 57-5).  In 2009, New Century transferred the Deed to U.S. Bank through Barclays Capital Real Estate under a limited power of attorney. (New Century Assignment to U.S. Bank, Ex. 7 to Request for Jud. Notice, ECF No. 57-4).  A Notice of Default was recorded in 2016 informing Plaintiff he had been in default since June 1, 2014, and warning that the Property would be sold if he did not cure the default. (Default, Ex. 11 to Request for Jud. Notice, ECF No. 57-8).  The Notice stated that the current holder of the promissory note, as well as the beneficiary of the Deed of Trust, was U.S. Bank. (*Id.* at 6).

Upon receipt of the Notice of Default, Plaintiff initiated a string of lawsuits.  He voluntarily dismissed his first case.  *See Clark v. New Century Mortg. Co.*, 2:16-cv-02113-GMN-GWF.  Judge Jennifer Dorsey dismissed Plaintiff's second case because his wrongful foreclosure claim was premature, and the statute of limitations had run on his FDCPA claims. *Clark v. New Century Mortg. Co.*, No. 2:17-cv-01065-JAD-VCF, 2018 WL 1367357 (D. Nev. Mar. 16, 2018).  Plaintiff's third case was dismissed by Judge Andrew Gordon because his FDCPA claims were precluded by Judge Dorsey's previous order.  *Clark v. New Century*

---

[2] The Court takes judicial notice of the Deed of Trust, Note, and Assignments because they are recorded at the Clark County Recorder's Office. *See* Fed. R. Evid. 201.

*Mortg. Co.*, No. 2:18-cv-02241-APG-BNW, 2019 WL 4280590, at *3 (D. Nev. Sept. 10, 2019), *aff'd*, 834 F. App'x 380 (9th Cir. 2021).  Judge Gordon did not address Plaintiff's wrongful foreclosure claim. *Id.*

Defendants foreclosed on Plaintiff's home in March 2023, and he received the Notice of Trustee's Sale in April. (Not. of Sale, Ex. F to SAC, ECF No. 54).  Plaintiff then filed the instant action alleging wrongful foreclosure, FDCPA violations, harassment, and abuse. (*See generally* Compl., ECF No. 1).  Plaintiff sought leave to amend, and the Court adopted a Report and Recommendation ("R&R") from Magistrate Judge Brenda Weksler dismissing all claims but granting Plaintiff leave to amend his wrongful foreclosure and FDCPA claims. (Order Adopting R&R, ECF No. 53).  Plaintiff timely filed his Second Amended Complaint, (ECF No. 54), which Defendants now move to dismiss.[3]

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[3] The operative complaint is technically Plaintiff's first amended complaint, although it is docketed as his "Second Amended Complaint" at ECF No. 54.  The Court will thus refer to the operative complaint as the "Second Amended Complaint" for consistency.

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Defendants move to dismiss the entirety of Plaintiff's Second Amended Complaint ("SAC").  The SAC realleges six violations of the Fair Debt Collection Practice Act, and realleges one claim for wrongful foreclosure.  Plaintiff also adds new claims for conversion, breach of good faith, and respondeat superior.  The Court addresses each claim in turn.

**A. Violations of Fair Debt Collection Practices Act ("FDCPA")**

Defendants argue that Plaintiff's FDCPA claims are untimely, barred by claim preclusion, and fail to state a claim upon which relief can be granted. (Mot. Dismiss 3:1–4, ECF No. 56).   The Court begins by evaluating whether Plaintiff's FDCPA claims are untimely.[4]  A plaintiff has "one year from the date on which the violation occurs" to bring "[a]n action to enforce any liability" under the FDCPA. 15 U.S.C. § 1692k(d).  Defendants argue Plaintiff's FDCPA claims are untimely because the alleged violations—Defendants failure to respond to three "UCC Demand letters"—occurred in 2018, and Plaintiff did not bring this claim until 2023.  Plaintiff responds that the actions underlying his FDCPA claims include both the failure to respond to his letters in 2018, as well as the "unauthorized act of selling Clark's home," in 2023. (Opp. to Mot. Dismiss, 3:7–15).  Any claims relying exclusively on Defendants' failure to respond to the 2018 letters must be dismissed as untimely.  The Court, however, is unable to determine which counts exclusively rely on events in 2018.  Even so, to

---

[4] Because the Court finds that the FDCPA claims are untimely and otherwise fail to state a claim, and Defendants do not sufficiently address the factors that would enable the Court to find the claims are barred by res judicata, the Court does not reach the res judicata argument at this time.

the extent Plaintiff's claims are premised on the Notice of Sale and sale of his home in 2023, they must also be dismissed for failure to state a claim.

All FDCPA claims, except count six brought under 15 U.S.C. § 1692(f)(6), must fail because Defendants did not engage in "debt collection" and were not acting as "debt collectors." (*See* Reply 3:19–4:2); *see Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017); *see also Vien-Phuong Thi Ho v. Recontrust Co., NA*, 858 F.3d 568, 571–72 (9th Cir. 2017) ("The object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower . . . . Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA.").

The only FDCPA violation that could logically stand against Defendants is the claim that they violated 15 U.S.C. § 1692(f)(6).  Under section 1692(a)(6) of the FDCPA, mortgage servicers do not generally engage in debt collection when they take steps to enforce a security interest. 15 U.S.C. § 1692(a)(6); *Dowers*, 852 F.3d at 971.  Section 1692(f)(6) is an exception to this rule; pursuant to § 1692(f)(6), persons who take steps to enforce a security interest *do* engage in debt collection. 15 U.S.C. § 1692(a)(6); *Dowers,* 852 F.3d at 971.  A party violates subsection (f)(6) by "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property" if "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt bylaw from such dispossession or disablement." 15 U.S.C. § 1692(f)(6).  Plaintiff's argument fits most closely with (6)(A) because he disputes Defendants' authority to sell the Property.

Defendants argue that U.S. Bank possessed the right to foreclose on the Property. (Mot. Dismiss 16:23–17:8).  "[T]o have standing to foreclose, the current beneficiary of the deed of trust and the current holder of the promissory note must be the same." *Edelstein v. Bank of New*

*York Mellon*, 286 P.3d 249, 255 (Nev. 2012).  Taking judicial notice of matters of public record, such as the assignments recorded in Clark County, as well as the relevant bankruptcy court order, the Court finds that U.S. Bank was the beneficiary of the Deed of Trust and the holder of the Note when it foreclosed on the Property. (Notice of Default at 6, Ex. 11 to Request for Jud. Notice, ECF No. 57-8) (listing U.S. Bank as the current holder of the Note secured by the Deed of Trust, as well as the current beneficiary of the Deed of Trust); (New Century Assignment to U.S. Bank, Ex. 7 to Request for Jud. Notice) (assigning Deed of Trust to U.S. Bank).  Accordingly, U.S. Bank did indeed possess the right to foreclose.

The Assignment to U.S. Bank was not illegitimate merely because New Century, the prior Note holder, filed for bankruptcy before the Assignment to U.S. Bank.  When New Century filed for bankruptcy, it moved the bankruptcy court to allow Barclays to execute and record the assignment to U.S. Bank, and the bankruptcy court granted the motion. (Bankruptcy Court Order, Ex. 10 to Request for Jud. Notice, ECF No. 57-7).  The Assignment was proper, and Plaintiff's FDCPA claims are thus DISMISSED with prejudice.

**B. Wrongful Foreclosure**

Defendants next move to dismiss Plaintiff's wrongful foreclosure claim.  A claim for wrongful foreclosure requires a plaintiff to plead "(1) that a foreclosure sale occurred; and (2) the [debtor] was not in default." *Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-00751-JCM-VCF, 2017 WL 4185468, at *8 (D. Nev. Sept. 21, 2017) (alteration in original) (citing *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)).  When the Court initially dismissed Plaintiff's wrongful foreclosure claim, it found that Plaintiff did not sufficiently allege that he was not in default, and thus granted him an opportunity to amend the claim to do so. (R&R 4:17–5:5).

But Plaintiff's Second Complaint still fails to allege that he was not in default.  Instead, he "acknowledges he may owe someone, some amount, due on the Note." (SAC ¶ 183).

Rather than alleging that he was not in default, he claims Defendants are the wrongful holders of his Note, so he cannot owe them money. (*Id.* ¶¶ 183–95). Despite Plaintiff's insistence that he brings his claim under "equity," not common law, he must still allege the elements of a wrongful foreclosure claim. Because Plaintiff again failed to allege an element of wrongful foreclosure, the Court DISMISSES this claim for failure to state a claim.

Repeated failure to cure deficiencies in a complaint may justify dismissal with prejudice if the court has previously dismissed the complaint, provided plaintiff notice of the complaint's deficiencies, and the plaintiff failed to cure the noted deficiencies. *See Smith v. Constellation Brands, Inc.*, 725 Fed. App'x 504, 507 (9th Cir. 2018). Because he was already given an opportunity to amend, with clear instructions, the Court dismisses his wrongful foreclosure claim with prejudice and without leave to amend.

**C. Additional Claims**

Plaintiff did not request to supplement his amended complaint with additional claims, nor did he receive leave from the court to add new claims. Nonetheless, Plaintiff adds claims for conversion, breach of good faith, and respondeat superior to his SAC. The Court granted Plaintiff leave to amend only his FDCPA and wrongful foreclosure claims to cure the identified deficiencies. (R&R 5:2–5, 5:25–27). Generally, a plaintiff may amend his or her complaint once "as a matter of course" within 21 days after serving it, or twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). In this instance, the Court will address Plaintiff's newly-added claims for judicial efficiency in light of Plaintiff's *pro se* status, but Plaintiff is instructed to follow this Court's procedural rules in the future.

///

///

### 1. Conversion

Defendants move to dismiss Plaintiff's conversion claim because only personal property, not real property, can be converted. (Mot. Dismiss 15:18–16:4). "Conversion is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (internal quotation marks omitted).  Plaintiff alleges Defendants converted his rights in the Note and Deed of Trust for their own use, which "extended through to the sale of his real property." (SAC ¶¶ 139–147). Though Plaintiff attempts to clarify that he is alleging conversion of the Note and Deed of Trust, and not his property, the claim is rooted in the Defendants' ultimate sale of his home. Defendants are correct, and Plaintiff concedes in his Opposition, that conversion claims apply only to real property. *See Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006).  To the extent Plaintiff's conversion claim is based on Defendants' foreclosure and sale of his home, the claim is DISMISSED with prejudice.

Further, to the extent Plaintiff argues the conversion is based on his rights in the Note, the claim must also be dismissed.  The Note represents Plaintiff's obligation to pay and is not itself personal property. *See Bukhari v. Direct Mortg. Corp.*, No. 210-CV-00373-GMN-LRL, 2010 WL 2521750, at *6 (D. Nev. June 16, 2010) ("As to Plaintiff, the promissory note therefore represented an obligation, not property or a right, and it is legally impossible for any action with respect to the promissory note to constitute conversion of anything owned by Plaintiff.").  The Court therefore DISMISSES Plaintiff's conversion claim with prejudice due to legal impossibility.

### 2. Breach of Good Faith

Plaintiff's next new claim, which he labeled "breach of good faith and duties and care" is based on multiple NRS statutes and duties.  First, Plaintiff alleges that Defendant Western

Progressive, who was acting as trustee, breached its duty of good faith under NRS 107.028. (SAC ¶¶ 154–62). Second, Plaintiff asserts that Defendants PHH and U.S Bank breached the duty of good faith incorporated into every UCC contract. (*Id.* ¶¶ 163–69).

Beginning with Plaintiff's claim against Defendant Western Progressive, Plaintiff alleges it breached its duty of good faith under NRS 107.028 when it failed to show that it "questioned the Holder status of Ocwen, PHH, or U.S. Bank Trustee." (*Id.* ¶¶ 160–61). NRS 107.028(6) requires a trustee to act impartially and in good faith with respect to the deed of trust and explains that a rebuttable presumption exists as to impartiality and good faith if the trustee complies with NRS 107.080. The statute further explains that when the trustee performs its duties under 107.080, "the trustee incurs no liability for any good faith error resulting from reliance on information provided by the beneficiary . . . if the trustee corrects the good faith error not later than 20 days after discovering the error." NRS 107.028(6).

Plaintiff does not sufficiently allege, nor cite to any authority, that Western Progressive's failure to question the holder of the Note is a violation of NRS 107.028. Plaintiff does not point to a statute that Western Progressive violated through its alleged inaction, and he does not allege that the Defendant failed to comply with NRS 107.080, thus rebutting the presumption that Defendant acted in good faith. Western Progressive relied on information from the beneficiary, and Plaintiff did not allege that Western Progressive made a good faith error. Lastly, Plaintiff's argument that the duty of good faith cannot be disclaimed by agreement is inapplicable because Plaintiff has not alleged that the parties agreed to disclaim an otherwise applicable duty of good faith.

Turning to Defendants PHH and U.S. Bank, Plaintiff cites three NRS statutes regarding good faith and makes a broad argument that their failure to provide proof of their right to declare default violates good faith and fair dealing. (SAC ¶¶ 163–69). Because, as mentioned above, Plaintiff does not allege the parties disclaimed the obligation of good faith, the Court

will give Plaintiff the benefit of the doubt that he is accusing Defendants of breaching NRS 104.1304, which states that all contracts within the UCC impose an obligation of good faith in their performance. (*Id.* 24:1–11).

A contractual breach of the implied covenant of good faith and fair dealing requires showing: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were thus denied. *Perry v. Jordan*, 900 P.2d 335 (Nev. 1995). Plaintiff does not identify which contract he is referring to or how Defendants performance under a contract was unfaithful to its purpose. Plaintiff claims Defendants should have suspended the sale "until it investigated U.S. Bank Trustee's legal status as Holder," but as Defendants point out, the records demonstrating U.S. Bank Trustee's legal status are publicly recorded and available to Plaintiff. Further, Plaintiff admits that the Defendants *did* provide him with his payment history and copies of the Note and Deed of Trust. (SAC ¶ 178). Defendants thus did not completely ignore Plaintiff's request for information. For all these reasons, the Court DISMISSES Plaintiff's "breach of good faith and duties and care" cause of action for failure to state a claim.

### 3. Respondeat Superior

Plaintiff's respondeat superior claim consists of one sentence stating that U.S. Bank is liable for the wrongful action of its agents. (SAC ¶ 196). Respondeat superior, however, is not a stand-alone cause of action. *See Gonzalez v. Nevada Dep't. of Corr.*, No. 2:12-cv-02143–RFB, 2015 WL 471108, at *7 (D. Nev. Aug. 6, 2015). Because the Court dismissed all other claims, and respondeat superior is not a stand-alone cause of action, the Court must also dismiss Plaintiff's claim for respondeat superior.

Finally, because Plaintiff added three new claims to his SAC without leave of the Court, the Court does not provide leave to amend these new claims.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss, (ECF No. 56), is **GRANTED.** Plaintiff's claims for violations of the FDCPA, wrongful foreclosure, and conversion, are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (ECF No. 67), is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 65), is **STRICKEN** as an improper sur-reply.

The Clerk of Court is kindly requested to close the case.

**DATED** this __31__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT