# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALFRED CLARK,

                 Plaintiff,

   vs.

US BANK NATIONAL ASSOCIATION, *et al.*,

              Defendants.

Case No.: 2:23-cv-00493-GMN-BNW

**ORDER**

Pending before the Court is the Motion to Expunge Lis Pendens, (ECF No. 82), filed by Defendants U.S. Bank National Association, Western Progressive-Nevada, and PHH Mortgage Corporation.  Plaintiff Alfred Clark filed a Response, (ECF No. 83), to which Defendants filed a Reply, (ECF No. 84).  Next pending before the Court is the Motion to Void Sale, (ECF No. 85), filed by Plaintiff.  Defendants filed a Response, (ECF No. 86), to which Plaintiff filed a Reply, (ECF No. 87).  Finally pending before the Court is the Motion for Evidentiary Hearing, (ECF No. 88), filed by Plaintiff.  Defendants filed a Response, (ECF No. 89), to which Plaintiff filed a Reply, (ECF No. 90).  For the reasons discussed below, the Court DENIES all pending motions.

This case arises out of foreclosure proceedings on the property located at 5613 Harmony Ave., Las Vegas, NV 89107 ("The Property"). (Not. of Sale, Ex. F to Second Am. Compl. ("SAC"), ECF No. 54).  Plaintiff purchased the property in 2006, and the Deed was transferred multiple times before being assigned to U.S. Bank. (Deed of Trust, Ex. D to SAC, ECF No. 54); (New Century Assignment to U.S. Bank, Ex. 7 to Request for Jud. Notice, ECF No. 57-4). In 2016, a Notice of Default was recorded informing Plaintiff that he had been in default since June 1, 2014, and warning that the property would be sold if he did not cure the default. (Default, Ex. 11 to Request for Jud. Notice, ECF No. 57-8).  Defendants ultimately foreclosed

on the property in March 2023, and Plaintiff filed the instant action. (*See generally* Compl., ECF No. 1).  In April 2023, Plaintiff also recorded a Notice of Lis Pendens against the Property. (Not. Lis Pendens, Ex. 1 to Mot. Expunge Lis Pendens, ECF No. 82-1).  When Plaintiff sought leave to amend, the Court adopted a Report and Recommendation ("R&R") dismissing all claims but granting Plaintiff leave to amend his wrongful foreclosure and FDCPA claims. (Order Adopting R&R, ECF No. 53).  Plaintiff filed the SAC, and Defendants moved to dismiss, (ECF No. 56).  On May 31, 2024, the Court granted Defendants' Motion to Dismiss, (ECF No. 69).  Plaintiff then moved for reconsideration, which this Court denied, (ECF No. 77).  Thereafter, Plaintiff filed a Notice of Appeal to the Ninth Circuit, (ECF No. 78), and the instant motions followed.

Here, Plaintiff's Motion to Void Sale and Motion for an Evidentiary Hearing both raise issues that this Court has already addressed—namely, whether foreclosure over the Property was lawful, whether assignment of the Deed of Trust was valid, and whether this Court properly analyzed the chain of title. (Mot. Void Sale 1:17–24, ECF No. 85); (Mot. Hearing 1:27–2:17, ECF No. 88); (*See* Order Granting Mot. Dismiss 6:16–7:11 (wrongful foreclosure), 5:23–6:14 (valid assignment), 2:2–3:11 (documenting chain of title), ECF No. 69).  Because Plaintiff appealed the Court's Orders Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Reconsideration to the Ninth Circuit, (*see* Not. Appeal, ECF No. 78), those issues are now being considered on appeal.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  If the Court were to entertain Plaintiff's Motions, it would effectively be adjudicating issues that are currently before the Ninth Circuit, and thus DENIES both Motions.

The Court also notes that in their Responses to both of Plaintiff's Motions, Defendants request that the Court sanction Plaintiff and award Defendants attorneys' fees and costs incurred in opposing Plaintiff's Motions. (Resp. Mot. Void Sale 7:25–9:18, ECF No. 86); (Resp. Mot. Hearing 4:1–5:21).  Under Federal Rule of Civil Procedure ("FRCP") 11(c)(2), a motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates" FRCP 11(b). Fed. R. Civ. P. 11(c)(2).  Because Defendants' requests for sanctions come in responsive briefs rather than a separate motion, the Court declines to sanction Plaintiff at this time, but will consider a properly filed Motion for Sanctions.

Finally, the Court turns to Defendants' Motion to Expunge Lis Pendens.  Defendants argue that because the Court dismissed all of Plaintiff's claims with prejudice, Plaintiff cannot satisfy the requirements of Nevada Revised Statute ("NRS") 14.015, and thus Plaintiff's Notice of Lis Pendens should be expunged from the Property. (Mot. Expunge Lis Pendens 4:5–5:26, ECF No. 82).  Plaintiff contends in response that expunging the Notice of Lis Pendens would be premature given that the Court's Orders dismissing Plaintiff's claims have been appealed. (Resp. Mot. Expunge Lis Pendens 3:8–10, ECF No. 83).

Under NRS 14.015, a party's ability to maintain a notice of lis pendens requires the party to show: (a) that the party who recorded the notice is likely to prevail in the action; or (b) that the party who recorded the notice has a fair chance of success on the merits in the action. NRS 14.015(3)(a)–(b).  Given that the merits of the entire case are now before the Ninth Circuit, this Court cannot decide that Plaintiff is or is not likely to prevail in the action. *Griggs*, 459 U.S. at 58; *see Habon v. Mortgage Electronic Registration Systems, Inc.*, No. 3:10-cv-191-RCJ-VPC, 2012 WL 5944892, at *3 (D. Nev. Nov. 26, 2012) (denying motion to expunge lis pendens where case was on appeal).  The Court thus DENIES the Motion to Expunge Lis Pendens without prejudice and with leave to refile.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Void Sale, (ECF No. 85), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Evidentiary Hearing, (ECF No. 88), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens, (ECF No. 82), is **DENIED** without prejudice and with leave to refile.

**DATED** this __27__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court